[231]    BISPHAM v. INSKEEP.

1. In an action of trespass before a justice, a plea of *liberum tenementum* puts an end to the power of the justice.

2. In such a plea, it is not requisite that defendant should point out another court having jurisdiction.

*Certiorari* to Justice French.

There were several actions between these parties, all of which had been removed by *certioraris*.

It appeared, from the return, that they had been instituted by Inskeep against Bispham, in trespass for fishing in his fishery. The defendant had pleaded *liberum tenementum*, notwithstanding which, the justice had proceeded in the causes, and had given judgment for the plaintiff.

*Griffith* and *R. Stockton*, for the plaintiff in *certiorari*, took two exceptions to the judgment—

Bispham v. Inskeep.

1st. Because the justice had no jurisdiction.

2d. Because the plaintiff stated his demands in trespass, when it appeared that he had leased the premises, and the actions should have been brought by the lessee, and not by the reversioner.

1st. The justices of the peace have no jurisdiction in cases where the title to land comes in question. *Allinson's Laws* 468, 473.

It appears, from 4 *Com. Dig.* 1; 2 *Bl. Com.*, that one may have a freehold in a fishery. And by pleading *liberum tenementum*, the title of the estate is brought in question. 3 *Bl. Com.* 214.

The second point was not noticed by the court, in their opinion.

*Leake, contra.* The counsel for the plaintiff in *certiorari* contend that this plea contains sufficient matter to oust the justice of his jurisdiction. But it appears to be radically defective, because it does not set forth any court which has jurisdiction to try the cause. Every plea to the jurisdiction must show the plaintiff where he may obtain justice. *Cowper* 172, 3, *Mostyn* v. *Fabrigas ;* 1 *Vesey* 202, *Earl of Derby* v. *Duke of Athol.* The precedent in 2 *Lilly's Ent.* 430, shows in what manner the defendant ought to plead his title to a fishery.

[232] KINSEY, C. J. From the returns, it appears that the suits were for trespass generally. On the return of the summons, the defendant claimed title, and, before the justice, put in a plea of *liberum tenementum.* This should have put a stop to the justice's proceedings, as it amounted to a termination of his authority. He could not proceed in the case without passing judgment on the plea, and, by the act of assembly, he cannot try any action where the title to land shall, in any manner, come in question. See *ante p.* 175.

As to the objection which has been urged against this plea, there is no weight in it. The proceedings before the jus-

tices, though they should be formal and regular, are not to be examined with the same exactness as the proceedings in other courts ; there is no necessity for a strictly formal plea. The authority of a justice is special, and created for a particular purpose ; and if he exceeds his powers, all his acts are *coram non judice,* though no plea pleaded.

PER CUR.     Reverse the judgment.